[Docket No. 16]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| VICTOR EMONYON, MELIDA EMONYON, h/w, and MARVIN MENTOR, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>YREFY, LLC, and YREFY SLP5, LLC,<br><br>Defendants. | Civil No. 25-04586-RMB-EAH<br><br>**OPINION** |

**RENÉE MARIE BUMB, Chief United States District Judge**:

**THIS MATTER** comes before the Court upon a Motion to Amend filed by Plaintiffs Victor Emonyon, Melida Emonyon, and Marvin Mentor (collectively, "Plaintiffs") pursuant to Federal Rule of Civil Procedure 15(a)(2). [Docket No. 16.] Having considered the parties' submissions, the Court resolves the Motion without oral argument. FED. R. CIV. P. 78(b); D.N.J. LOC. CIV. R. 78.1(b). After careful consideration, the Court will **GRANT** the Motion and **REMAND** this matter to the Superior Court of New Jersey.

## I. BACKGROUND

On April 17, 2025, Plaintiffs filed suit in the Superior Court of New Jersey, asserting claims under New Jersey consumer-protection statutes, the common law, and the federal Truth in Lending Act ("TILA"). [Docket No. 1-1 ¶¶ 21–56

("Compl.")]. Defendants YREFY, LLC, and YREFY SLP5, LLC (collectively, "Defendants") allegedly committed fraud by paying a negotiated lower price with a student loan lender yet issuing a refinanced student loan to Plaintiffs for the original full amount of the loan. *See* [Compl.] Following service on April 22, 2025, Defendants timely removed the case to this Court solely for federal-question jurisdiction on May 19, 2025. [Docket No. 1 ¶¶ 2–5 ("Notice of Removal")]; 28 U.S.C. § 1446(b)(1).

Defendants soon filed a Motion to Dismiss, [Docket No. 5], the proper resolution of which implicated the parties' choice-of-law clause contained in their refinancing contract. But, because neither party adequately briefed the applicability or enforceability of the choice-of-law clause, the Court ordered supplemental briefing on the issue. [Docket No. 15.] On April 2, 2026, Plaintiffs then filed the Motion to Amend, along with the proposed Amended Complaint. [Docket No. 16-2, Ex. A.] In seeking to drop their TILA claim, Plaintiffs' amendment would result in the elimination of this Court's sole basis for federal-question jurisdiction. As explained more fully below, amendment here would be tantamount to remand. Plaintiffs' request for leave to amend is fully briefed and set for review. [Docket Nos. 16-1 ("Pls. Br."); 20 ("Defs. Opp. Br."); 21 ("Pls. Reply Br.").]

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 15(a)

Rule 15(a)(1) allows a party to "amend its pleading once as a matter of course no later than … 21 days after serving it, or … if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21

days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED R. CIV. P. 15(a)(1). In all other cases, the Rule provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* 15(a)(2). The Rule expressly states that "[t]he court should freely give leave when justice so requires." *Id.* True to the Rule, the Third Circuit has "held that motions to amend pleadings should be liberally granted." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (citing *Adams v. Gould Inc.*, 739 F.2d 858, 867–68 (3d Cir. 1984)); *see also Montanez v. Price*, 154 F.4th 127, 151 (3d Cir. 2025). "Rule 15(a)(2) [thus] places the burden … on the party opposing the amendment." *Chapin v. Great S. Wood Preserving, Inc.*, No. 2012-77, 2014 WL 12748087, at *1 (D.V.I. Sept. 30, 2014) (quoting *Price v. Trans Union, LLC*, 737 F. Supp. 2d 276, 279 (E.D. Pa. 2010)).

Denial of leave to amend should only result "when the amendment sought (1) causes undue delay; (2) arises from bad faith or dilatory motive on the part of the movant; (3) arises from repeated failure to cure deficiencies by amendments previously allowed; (4) causes undue prejudice to the opposing party by virtue of allowance of the amendment; or (5) is futile." *Brathwaite v. City of Long Branch*, No. 19-18332, 2023 WL 3034098, at *1 (D.N.J. Apr. 21, 2023) (quoting *Private Sols. Inc. v. SCMC, LLC*, 15-3241, 2016 WL 2946149, at *2 (D.N.J. May 20, 2016)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008). A court may also ground its decision "on consideration of additional equities, such as judicial economy/burden on the court and the prejudice denying leave to amend

would cause to the plaintiff." *United States v. Bayada Homes Health Care, Inc.*, No. 17 -06267, 2024 WL 2013892, at *3 (D.N.J. May 7, 2024) (quoting *Mullin v. Balicki*, 875 F.3d 140, 149–50 (3d Cir. 2017)).

"The mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay. In fact, delay alone is an insufficient ground to deny leave to amend." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (first citing *Adams*, 739 F.2d at 868; and then citing *Cornell & Co., Inc. v. Occupational Safety & Health Rev. Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)). At some point, though, "the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." *Id.* (quoting *Adams*, 739 F.2d at 868); *see also Bjorgung*, 550 F.3d at 266. "Additional factors the Court may consider in determining whether a delay is undue include if the movant has had previous opportunities to file an amended complaint, the stage of the litigation, and interests of judicial economy and finality of litigation." *Bayada Homes Health Care*, 2024 WL 2013892, at *3 (citing *Cureton*, 252 F.3d at 273).

"[P]rejudice to the non-moving party is the touchstone for the denial of the amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (quoting *Cornell & Co.*, 573 F.2d at 823); *see Cureton*, 252 F.3d at 273 (citing *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993)) ("[S]ubstantial or undue prejudice to the non-moving party is a sufficient ground for denial of leave to amend."). But "merely claim[ing] prejudice" is insufficient. *Bechtel*, 886 F.2d at 652. "In order to make the required

showing of prejudice, regardless of the stage of the proceedings, [a defendant] is required to demonstrate that its ability to present its case would be seriously impaired were amendment allowed." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990) (citing *id.*); *see also Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing*, 663 F.2d 419, 426 (3d Cir. 1981). The concern here is "on the hardship to the defendants if the amendment were permitted," such as whether "allowing an amendment would result in additional discovery, cost, and preparation to defend against any new facts or theories" the movant may introduce in their amendment. *Cauley v. Geisinger Clinic*, No. 24-1435, 2025 WL 1392089, at *3 (3d Cir. May 14, 2025) (quoting *Cureton*, 252 F.3d at 273).

An amendment would be futile if the complaint, as amended, advances a claim or defense that "would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Federal courts apply the Rule 12(b)(6) standard when evaluating futility. *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010) (citing *id.* at 115). A pleading will satisfy Rule 12(b)(6) if it contains enough factual allegations which, accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**B. Post-Removal Amendment**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Congress has authorized the federal district courts to exercise original jurisdiction in 'all civil actions arising under the Constitution, laws, or treaties

of the United States.'" *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (quoting 28 U.S.C. § 1331). Congress has also permitted defendants to remove a case to federal court when a complaint that asserts federal claims is filed in state court. *See* 28 U.S.C. § 1441(a); *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).

When a case is removed, the federal district court has the power to exercise supplemental jurisdiction over state law claims that arise from the same operative facts as the federal claim. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164–65 (1997). But the exercise of supplemental jurisdiction always depends on the existence of a federal-jurisdictional anchor. So what happens when a plaintiff amends the complaint following removal and raises the federal-jurisdictional anchor?

Until recently, the Courts of Appeals differed on this issue. Some, like the Eighth Circuit, reasoned that a federal court no longer possessed the discretion to exercise supplemental jurisdiction over the state claims because it "vanished right alongside the once-present federal questions." *Wullschleger v. Royal Canin U.S.A., Inc.*, 75 F.4th 918, 924 (8th Cir. 2023). The Third Circuit saw it differently, believing that a federal court retains the discretionary authority to exercise supplemental jurisdiction over state-law claims even after a plaintiff amends a complaint to delete all federal-law ones. *See, e.g.*, *Collura v. Philadelphia*, 590 F. App'x 180, 184 (3d Cir. 2014); *Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa.*, 605 F.2d 119, 123 (3d Cir. 1979).

The Supreme Court of the United States resolved this split in *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22 (2025) ("This case presents a further question: What happens if, after removal, the plaintiff amends her complaint to delete all the federal-

law claims, leaving nothing but state-law claims behind?"). The Justices held that "[w]hen an amendment excises the federal-law claims that enabled removal, the federal court loses its supplemental jurisdiction over the related state-law claims. The case must therefore return to state court." *Id.* at 25–26. This conclusion, opined the Supreme Court, "fit[] the text of § 1367" and "accord[ed] with a bevy of rules hinging federal jurisdiction on the allegations made in an amended complaint, because that complaint has become the operative one." *Id.* at 31. "In short, the lesson of *Royal Canin* is that a federal court may lose subject-matter jurisdiction if a plaintiff amends his complaint in a manner that removes the basis for that jurisdiction." *Khalil v. President, United States*, 164 F.4th 259, 273 (3d Cir. 2026).

## III. DISCUSSION

### A. The Court Will Grant Plaintiffs Leave to Amend the Complaint

In Plaintiffs' view, this Court should grant them leave to amend because there is nothing inherently amiss about their preference to litigate in state court, and remand would otherwise occur in this case's pre-trial infancy: "no answer has yet been filed, no Rule 26 meeting has occurred or scheduling order entered[,] and no discovery has taken place." [Pls. Br. 3–4; Pls. Reply Br. 3.] To Defendants, Plaintiffs "had ample opportunity to amend their pleadings before they did so," both the parties and the Court have spent time and resources briefing and reviewing Defendants' Motion to Dismiss (filed nearly ten months before the Motion to Amend), and Plaintiffs are unduly motivated by the prospect of this Court granting the Motion to Dismiss

following the supplemental-briefing order on the choice-of-law issue. [Defs. Opp. Br. 3–5.]

On this last point, Defendants state that: "The request for supplemental briefing … left Plaintiffs uneasy about their likelihood of success. This concern prompted Plaintiffs to seek a tactical amendment with a plan to forum shop." [*Id.* at 6.] In sum, it is Defendants' position that Plaintiffs "seek to dodge a potentially unfavorable outcome in a jurisdiction that they otherwise took no issue with for nearly a year." [*Id.* at 4.] Despite some misgivings, Defendants' failure to adequately show undue delay or prejudice, Rule 15's liberality, and Plaintiff's "master[y] … and control[]" over their Complaint and lawsuit, *Royal Canin*, 604 U.S. at 35, constrain the Court to grant Plaintiffs leave to amend their Complaint.[1]

Although Plaintiffs waited roughly one year after removal and ten months after Defendants filed their Motion to Dismiss to file their Motion to Amend, the Court does not find this delay undue. Under Rule 15, "[t]h[is] mere passage of time" is not enough. *Cureton*, 252 F.3d at 273. While true that Plaintiffs "had ample opportunity to amend their pleadings" during this period, the "time and money" spent by the parties on the Motion to Dismiss—amounts unquantified by Defendants (at least their own)—do not constitute the sort of "unwarranted burden" on this tribunal or "unfair

[1] Futility is not implicated here because "[t]he amendment seeks to drop, not add, a claim, so it cannot be characterized as futile." *Dirauf v. Berger*, 506 F. Supp. 3d 254, 263 (D.N.J. 2020).

burden" on Defendants.[2] [Defs. Opp. Br. 3–4.] All Defendants aver is that these labors were "significant." [*Id.* at 4.] Nor do Defendants tangle with "the stage of th[is] litigation," an "[a]dditional factor" raised by Plaintiffs. *Bayada Homes Health Care*, 2024 WL 2013892, at *3. For all its length, this case barely has legs, as "no answer has yet been filed, no Rule 26 meeting has occurred or scheduling order entered[,] and no discovery has taken place." [Pls. Reply Br. 3.] The case may be over a year old, but it is a procedural infant.[3]

For similar reasons, the Court does not discern any undue or substantial prejudice that Defendants may suffer from amendment, "the touchstone for the denial of the amendment." *Bechtel*, 886 F.2d at 652. "[R]egardless of the stage of the proceedings," Defendants have not explained how their "ability to present [their] case would be seriously impaired were amendment allowed." *Dole*, 921 F.2d at 488. At best, Defendants inappositely emphasize their (as well as Plaintiffs' and this Court's) *retrospective* efforts on the Motion to Dismiss and its supplemental briefing. *See* [Defs.

---

[2] All the more since the Court *sua sponte* ordered the supplemental briefing on the choice-of-law issue because "*neither* party" originally adequately did so. [Docket No. 15 (emphasis added).]

[3] Although Plaintiffs could have sought leave to eliminate their TILA claim before *Royal Canin*, that decision materially changed the jurisdictional consequence of a successful amendment. Under then-existing Third Circuit authority, the Court could have retained supplemental jurisdiction; under *Royal Canin*, remand follows necessarily once an amended complaint eliminating all grounds for original jurisdiction becomes operative. Plaintiffs' reliance on the intervening decision therefore supplies some explanation, albeit dubious, for the timing of their Motion to Amend, although it does not eliminate the Court's obligation to examine undue delay, bad faith, and prejudice under Rule 15(a)(2).

Opp. Br. 5.] Defendants do not address whether allowing Plaintiffs' "amendment would result in additional discovery, cost, and preparation to defend against any new facts or theories." *Cauley*, 2025 WL 1392089, at *3. As such, Defendants do not concretely demonstrate how Plaintiffs' proposed amendment would cause undue prejudice beyond "incidental prejudice"—to the extent past efforts are to be properly considered as such. *Bayada Homes Health Care*, 2024 WL 2013892, at *4 (citation omitted). The Court must therefore find that Defendants will not suffer undue or substantial prejudice from Plaintiffs' amendment.

All this said, the Court is not at all blind to the fact that "Plaintiff[s'] motivation behind amendment could be suggestive of forum shopping." *Brathwaite*, 2023 WL 3034098, at *5. The timing of the Motion to Amend suggests the same: a mere six days after the Court *sua sponte* ordered supplemental briefing on the parties' choice-of-law clause that, if applicable, could result in nine of Plaintiffs' ten causes of action being dismissed. And Plaintiffs are not particularly coy about it either. *See* [Pls. Br. 5.] Plaintiffs' purported fear over this "potentially unfavorable outcome" is therefore not completely unfounded. [Defs. Opp. Br. 4.] Indeed, this Court likely would have enforced the parties' Arizona choice-of-law clause after review.

Initially, the parties clearly selected Arizona law to govern their state-law disputes. Under New Jersey principles of contractual interpretation, courts "enforce the terms of a contract that is unambiguous on their face." *Brauser Real Est., LLC v. Meecorp Cap. Mkts., LLC*, No. 06-01816, 2008 WL 324402, at *3 (D.N.J. Feb. 4, 2008) (citing *Statewide Realty Co. v. Fid. Mgmt. & Rsch. Co., Inc.*, 611 A.2d 158, 162 (N.J.

Super. Ct. Law Div. 1992)). The choice-of-law clause at issue here is unequivocal: "This Note and any claim or dispute arising out of this Note will be governed by applicable Federal law and, to the extent state law applies, Arizona law, without regard to its conflict of law rules." [Docket No. 5-2, at 10.] Because the parties' intention to apply the choice-of-law clause "is clear and unambiguous," Arizona law would likely have governed any state-law claims "based on the contract language alone, and without engaging in a choice-of-law analysis." *See Brauser*, 2008 WL 324402, at *3 (finding following choice-of-law clause "clear and unambiguous:" "[t]his commitment will be governed by and construed in accordance with the laws of the State of New Jersey without regard to the principles of conflict of laws thereof.").

In any event, a choice-of-law analysis would likely not have altered the Court's finding. A federal court exercising supplemental jurisdiction over state-law claims in federal-question cases uses the choice-of-law rules of the state in which it sits. *In re Whittaker Clark & Daniels Inc*, 176 F.4th 241, 279 n.4 (3d Cir. 2026) (Krause, J., concurring) (collecting Third Circuit cases). A federal court must do so to decide which body of substantive law to apply to a contract, even where the contract contains a choice-of-law clause. *Collins ex rel. Herself v. Mary Kay, Inc.*, 874 F.3d 176, 183 (3d Cir. 2017). The parties agree that New Jersey's choice-of-law rules apply here. [Docket Nos. 18 § 1; 19 § 1.]

New Jersey courts typically "uphold the contractual choice" of the parties, however, "New Jersey looks to Restatement § 187 to determine under what circumstances a choice-of-law clause will not be respected." *Collins*, 874 F.3d at 184

(citing *Instructional Sys., Inc. v. Comput. Curriculum Corp.*, 614 A.2d 124, 133 (N.J. 1992)). Section 187 of the Restatement instructs that a contractual choice-of-law provision will be followed "unless (a) the chosen state has no substantial relationship to the parties or the transaction, ... or (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state." RESTATEMENT (SECOND) OF CONFLICTS OF LAWS § 187.

There appears to be no dispute that the parties or their transaction have a substantial relationship to Arizona, as Plaintiffs do not contest otherwise. *See* [Docket No. 18.] Further, Plaintiffs fail to explain how the application of Arizona law would be contrary to a fundamental policy of New Jersey. Even presuming that New Jersey's policy in "enforcing its consumer protection laws in favor of its citizens" is fundamental, its existence alone is not enough: why would application of Arizona law be contrary to it? That question is not answered by Plaintiffs. *See* [Docket No. 18, at 1–4.] Nor do Plaintiffs provide any real reason why New Jersey has a *materially greater* interest than that of Arizona in this case. *See* [*id.*] With § 187 of the Restatement probably satisfied, this Court would likely have enforced the parties' Arizona choice-of-law clause. For these reasons, the Court is assured that the Superior Court will faithfully apply the law and not unduly reward Plaintiffs, if Defendants are correct in their diagnosis of Plaintiffs' motivations.

Nevertheless, "manipulation of the forum is only a factor to be considered and is not dispositive of the issue" in the Court's view. *Brathwaite*, 2023 WL 3034098, at

*5 (citing *Cabibo v. Parsons Inspection & Maint. Corp.*, No. 09-3213, 2009 WL 3074731, at *7 (D.N.J. Sept. 23, 2009)). While dropping the TILA claim "would … deny [D]efendants a federal forum, … they are not entitled to one when they have 'a full and fair opportunity to litigate in state court.'" *Dirauf*, 506 F. Supp. 3d at 263 (citation omitted). Plaintiffs, moreover, are "the master[s] of the complaint" and therefore "control[] much about [their] suit." *Royal Canin*, 604 U.S. at 35. To deny amendment—especially absent a showing of undue delay or prejudice—and "require Plaintiff[s] to continue to pursue claims that [they] no longer choose[] to pursue," *Brathwaite*, 2023 WL 3034098, at *3, does not comport with Rule 15's liberal purpose, *Long*, 393 F.3d at 400.

For the foregoing reasons, the Court will **GRANT** Plaintiffs' Motion to Amend and **ORDER** the Clerk of the Court to file the proposed Amended Complaint as the operative pleading.[4]

### B. Because Plaintiffs' Amendment Eliminates the Court's Federal-Question Jurisdiction, the Court Will Remand This Matter Back to State Court

Because the Amended Complaint removes the TILA claim and eliminates this Court's sole basis for original jurisdiction, remand is appropriate because "the

---

[4] The proposed Amended Complaint presents no federal cause of action or embedded federal question sufficient to support jurisdiction under § 1331. *See* [Docket No. 16-2, Ex. A.] Nor does the Notice of Removal, original Complaint, or now-operative Amended Complaint establish diversity jurisdiction under § 1332. *See* [Notice of Removal; Compl.; *id.*] Defendants do not argue otherwise in their briefing. *See* [Defs. Opp. Br.]

[C]ourt's supplemental jurisdiction over the state claims dissolve[s] too."[5] *Royal Canin*, 604 U.S. at 44. Defendants do not disagree with this consequence. *See* [Defs. Opp. Br. 6–7.] Defendants are of course correct that *Royal Canin*'s holding is triggered only once the Amended Complaint becomes operative, but, for the reasons above, that has occurred here. Just as Rule 15 did not factor into *Royal Canin*'s analysis, this Court's Rule 15 analysis did not take into account *Royal Canin*. For the Court understands thar *Royal Canin* does not itself determine whether leave to amend should be granted under Rule 15(a)(2). That case instead determines the jurisdictional consequence once an amendment eliminating all grounds for federal-question jurisdiction becomes operative. The Court therefore applied the ordinary Rule 15(a)(2) factors while recognizing that, if leave is granted and the proposed Amended Complaint becomes operative, *Royal Canin* requires remand.

Although not raised by Defendants, the plaintiff in *Royal Canin* amended her complaint following removal pursuant to Rule 15(a)(1)(B), not (a)(2). In the Court's judgment, this procedural byway arrives at the same jurisdictional terminus (once this Court granted Plaintiffs leave to amend under Rule 15(a)(2)): "Both actions operate to eliminate the federal ingredient of the action forevermore." *Cf. Walker v. State*, 158 F.

---

[5] What is important to understand here is that the Amended Complaint "supersedes the original pleading and renders the original pleading a nullity." *Khalil*, 164 F.4th at 272 (quoting *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019)). There is nothing in the Amended Complaint to intimate Plaintiffs' intention to incorporate the original Complaint so as to defeat remand for want of jurisdiction. *See* [Docket No. 16-2, Ex. A.]

4th 971, 982 (9th Cir. 2025) (citation omitted) (reasoning that joint stipulation of dismissal is functional equivalent of Rule 15(a)(1)(B) and requiring remand pursuant to *Royal Canin*); *see also Stern v. Gozinsky*, No. 24-6962, 2025 WL 3674288, at *4 n.3 (E.D.N.Y. Dec. 18, 2025) (same).

Plaintiffs here may not have amended their Complaint in the same manner as the plaintiff in *Royal Canin*, but for assessing jurisdiction, it makes no difference. "If (as here) the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the [C]ourt's power to decide the dispute dissolves. With the loss of federal-question jurisdiction, the [C]ourt loses as well its supplemental jurisdiction over the state claims." *Royal Canin*, 604 U.S. at 30. Insofar as Defendants disagree, the Court would have found, under its erstwhile discretionary authority, that the principles of "judicial economy, convenience, fairness, and comity" favor remand, "the usual case in which all federal-law claims are eliminated before trial." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Given the trajectory of this matter, the Court will afford Defendants the opportunity to move for requisite fees in connection with Plaintiffs' Motion to Amend and the resulting remand. Naturally, Defendants' request, if pursued, would entail subsequent briefing, a hearing, and additional time for the Court to resolve what could be a complicated issue. Defendants will have twenty-one (21) days from the entry of this Opinion and accompanying Order to so move, if they elect to do so.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to Amend and **ORDERS** the Clerk of the Court to file the proposed Amended Complaint docketed at 16, Ex. A.

Because the now-operative Amended Complaint removes the TILA claim and therefore eliminates this Court's sole basis for original jurisdiction, the Court will **REMAND** this matter to the Superior Court of New Jersey, Law Division, Burlington County, for lack of jurisdiction. Before doing so, Defendants, if they elect to, will have twenty-one (21) days from the entry of this Opinion to move for requisite fees in connection with Plaintiffs' Motion to Amend and the resulting remand. An accompanying Order shall issue.

**August 26th, 2026**
Date

**/s/ Renée Marie Bumb**
Renée Marie Bumb
Chief United States District Judge